**Kiangana DIALINGANA, Petitioner**

**v.**

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 08–2642.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 24, 2009.

Opinion filed: March 16, 2010.

Judith L. Wood, Esq., Law Office Of Judith L. Wood and Jesse Moorman, Los Angeles, CA, for Petitioner.

4. Amendment 706 was subsequently amended   by Amendment 711.

Thomas W. Hussey, Esq., Brooke M. Maurer, Esq., Kristina R. Sracic, Esq., United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Kiangana Dialungana[1], a native and citizen of the Democratic Republic of Congo, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. For the following reasons, we will deny his petition.

Dialungana entered the country in December 2002 as a sixteen-year-old stowaway and the INS arrested him at the port in New Orleans. Dialungana filed for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Before the immigration judge ("IJ") he testified that he fled the Congo after he accidentally killed two police officers during a driving lesson. After Dialungana arrived in the United States, he learned from his mother that the police came to his house and shot at it until it collapsed, shooting his eight-year-old brother in the process. He also testified that the police went to the hospital and severely beat his ill father, who died the next day. The IJ, denying all forms of relief, found Dialungana not credible. (A.R. 138–140.) On February 27, 2004, the BIA affirmed the IJ's decision and dismissed the appeal. (*Id.* at 104.) Dialungana did not seek a petition for review in this Court.

On March 17, 2008, Dialungana filed a motion to reopen his removal proceedings alleging changed conditions in Congo and ineffective assistance of counsel. The BIA, finding that Dialungana offered only generalized evidence of country conditions and not specific evidence regarding the likelihood that he would be subject to persecution in the Congo, denied the motion. (*Id.* at 2–3.) Dialungana filed a timely petition for review in this Court challenging the BIA's order.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *Filja v. Gonzales,* 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002). We will uphold the BIA's factual determinations so long as "they are 'supported by reasonable, substantial, and probative evidence on the record as a whole.'" *Liu v. Att'y Gen.,* 555 F.3d 145, 148 (3d Cir.2009) (*quoting INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).

Motions to reopen are generally required to be filed with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The deadline does not apply to motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, Dialungana did not file the motion to reopen within the 90–day window; therefore, he must show changed country conditions

---

1. While the official caption identifies petitioner as "Dialingana," we will refer to him as "Dialungana" per his request in his supplemental opening brief. (Appellant's Supp. Br. at 2.)

in the Congo in order to excuse the untimeliness.

Dialungana focuses his argument on his eligibility for protection under the CAT.[2] Specifically, Dialungana challenges the BIA's reliance on the IJ's adverse credibility determination in denying his CAT claim and his motion to reopen. As the Government points out, however, the BIA did not base its denial of the motion to reopen on the adverse credibility determination, but rather on Dialungana's failure to present any evidence that he would be tortured in light of the changed country conditions. In order to be eligible for reopening, Dialungana was required to show that there is a reasonable likelihood that he is entitled to CAT relief. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir.2007) (citation and quotation marks omitted). While Dialungana devoted much of his motion to arguing deteriorating country conditions in the Congo, he did not argue how those conditions affect the likelihood that he would be tortured by, or at the acquiescence of, the Congolese government. *See, e.g., Silva–Rengifo v. Att'y Gen.*, 473 F.3d 58, 64 (3d Cir.2007) (an applicant for relief on the merits under the CAT bears the burden of establishing that it is more likely than not that he or she would be tortured if removed to the proposed country of removal). In his reply brief, Dialungana points to the 2006 State Department Country Report on Human Rights Practices in Congo which states that security forces in the Congo "[are] poorly trained, poorly paid, undisciplined, and committed numerous human rights abuses with impunity." (A.R. at 48.) This statement, while demonstrating generally deplorable police practices, does nothing to show that Dialungana would be singled out for torture if removed to the Congo. Therefore, we do not find that the BIA abused its discretion in denying Dialungana's motion to reopen. Further, to the extent that Dialungana argues that the BIA erred in its February 2004 decision, those claims are not properly before this Court. *See Kaur v. Bd. of Immigration Appeals,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (In reviewing the denial of a motion to reopen, court of appeals does not pass on the merits of the underlying exclusion proceedings).

For the foregoing reasons, we will deny the petition for review.[3]

---

**2.** Dialungana does not raise any arguments regarding ineffective assistance of counsel in his opening brief. Accordingly, this claim is waived. *Singh v. Gonzales,* 406 F.3d 191, 196 n. 5 (3d Cir.2005).

**3.** On September 15, 2009, Dialungana filed a motion which we construed as a motion to stay his petition for review until the BIA ruled on a motion to reopen he filed on September 14, 2009. We granted the motion pending the BIA's ruling. The BIA denied the motion to reopen and our stay is now vacated.